Alan D. Halperin, Esq.
Robert D. Raicht, Esq.
Julie D. Dyas, Esq.
**HALPERIN BATTAGLIA RAICHT, LLP**
Proposed Counsel to the
 Debtors and Debtors-in-Possession
555 Madison Avenue, 9th Floor
New York, New York 10022
(212) 765-9100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

**TANA SEYBERT LLC,**
Tax I.D. No. 20-0596635

Chapter 11 Case
Case No. 09-15478 (JMP)

                            Debtor.
-------------------------------------------------------------x
In re:

**COUSINS PRINTING LLC,**
Tax I.D. No. 20-0596666

Chapter 11
Case No. 09-15480 (JMP)

                            Debtor.
-------------------------------------------------------------x
In re:

**CREATIVE PRINT SERVICES LLC**,
Tax I.D. No. 20-0661247

Chapter 11
Case No. 09-15481 (JMP)

                            Debtor.
-------------------------------------------------------------x
In re:

**PRINTELLIGENCE, LLC**,
Tax I.D. No. 42-1608028

Chapter 11
Case No. 0915482 (JMP)

                            Debtor.
-------------------------------------------------------------x

### MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE JOINT ADMINISTRATION OF CHAPTER 11 CASES

TO THE HONORABLE UNITED STATES BANKRUPTCY
JUDGE IN THE ABOVE-CAPTIONED CHAPTER 11 CASES:

Tana Seybert LLC ("Tana Seybert"), Cousins Printing LLC ("Cousins"), Creative Print Services LLC ("CPS"), and Printelligence, LLC ("Printelligence") the debtors and debtors-in-possession herein (together, the "Debtors"), by their proposed counsel, Halperin Battaglia Raicht, LLP, hereby move this Court for the entry of an Order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the joint administration of the Debtors' Chapter 11 cases (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

1. On the date hereof, the Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") and have continued in the management of their businesses and property as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2. No committee or trustee has been appointed in these cases.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges for the Southern District of New York, dated July 10, 1984 (Ward, acting C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Bankruptcy Rule 1015(b).

**Background**

4. The Debtors are limited liability companies organized and existing under the laws of the State of Delaware. Tana Seybert holds all or a majority of the membership interests of the other Debtors, as well as other non-Debtor entities. The membership interests of

Tana Seybert, in turn, are owned fifty percent (50%) by Jurist Family Associates and fifty percent (50%) by Seybert Nicholas Printing Group, LP.

5. The Debtors are a one-stop, full spectrum service provider for printing and other graphic communications services, including out-of-home or specialty production, retouching, and/or creative development. The Debtors are the largest Manhattan-based, vertically-integrated graphic communications vendor and provide a full array of services under one roof, servicing clients in a broad range of industries: Advertising, Cosmetics, Entertainment, Financial Services, Healthcare, Not-For-Profit, Pharmaceuticals, and others. In 2007, the Debtors' gross revenues aggregated over $70 million and in 2008 they aggregated $67 million. The Debtors' revenues in 2009 through July 31st are approximately $29 million.

6. Currently, the Debtors' operate from a leased seven-story Manhattan facility located at 525 West 52nd Street, New York, New York, 10019 and offer services from multiple sheetfed and digital presses, as well as provide customers with in-house access to a full bindery, mailing and fulfillment services. The Debtors also offer both web and sheetfed printing services from their leased 50,000 square-foot plant located at 270 Sheffield Street, Mountainside, New Jersey 07092.

7. The Debtors originated in New York City at a time that predates the completion of the Woolworth Building in 1913. The Debtors' predecessor witnessed the Great Depression, two world wars, the eight-track tape, and terabyte desktop hard drives. They originated when Broadway was lit by gaslight, and evolved into a digitally driven graphic communications resource for some of the country's top firms.

8. The Debtors' modern business structure was formed through a merger in 2004, pursuant to which two legendary New York City printing firms—Tanagraphics and

Seybert Nicholas – combined to form Tana Seybert. The businesses were a natural match as technology was already impacting the profitability of commercial printers, and combination and cost savings appeared intrinsically logical. As both companies had complimentary businesses, the goal was to achieve a combined business with a value equal to more than the sum of their individual businesses.

9. The Debtors' financial difficulties stem from a confluence of events. Like many industries, the printing industry, including the Debtors, has been severely affected by the global economic downturn over the last 18 months. Bear Stearns, Lehman Brothers and many other hard hit financial companies were among the Debtors' largest customers. Unfortunately, the Debtors' financial position has eroded more than many other business areas as customer advertising budgets, including print advertising, are among the first areas of cost cutting in any economic downturn. Given the duration and depth of the current recession, the efforts of management to sustain operations under their current structure have been unavailing.

10. Additionally, independent of the general economic downturn, the printing industry is facing its own inherent difficulties due to changes in technology and the economic advantages of global outsourcing. With respect to changes in technology, the internet has provided an alternative promotional method for the Debtors' clients, often at more attractive cost bases. The rampant growth and availability of electronic print media has adversely affected much of the publishing industry, including demand for hard print media -- the core of the Debtors' business operations. Though certainly significant print media remains, in addition to the economic downturn and the growth of electronic media, the publishing industry now faces stiffer competition overseas for both inventory and labor. The Debtors collectively employ approximately 240 union and non-union employees. In contrast to outsourced labor, a large

portion of the Debtors' manufacturing force consists of employees represented by one of two labor unions entitling workers to benefits that substantially increase the Debtors' manufacturing overhead. These and other challenges have directly resulted in the Debtors' need to seek protection under Chapter 11.

11. Simultaneously herewith, the Debtors have filed a motion pursuant to which the Debtors propose to sell certain designated assets free and clear of all liens, claims and encumbrances, subject to higher or better offers (the "Asset Sale"). To fund their operations pending the Asset Sale, the Debtors are also seeking approval of the terms of a consensual cash collateral facility with HSBC Bank USA, N.A. ("HSBC"), their pre-petition lender, which asserts a claim of approximately $9.5 million, secured by liens in substantially all of the Debtors' assets.

12. In addition to the cash collateral facility, the Debtors are also seeking approval of an Interim Production Support Agreement (the "IPSA") to assist the Debtors in fulfilling customer orders if and to the extent there is insufficient availability under the cash collateral facility to do so or otherwise cannot or do not believe it is in the best interests of the estates to perform. The cash collateral facility combined with the IPSA are designed to enable the Debtors to ensure continuity of service to their valuable customer base, thus maximizing asset values for the benefit of their creditors and estates.

13. By seeking bankruptcy protection, the Debtors will be able to protect and preserve their assets and businesses for the benefit of their creditors and employees. These proceedings will enable the Debtors to transition their business to a financially sound purchaser, maximize the value of the Debtors' strong goodwill in the print industry, provide employment to many of their valued employees, and sustain a significant and trusted trading partner for their

customer base. In addition, through the Chapter 11 process, the Debtors will be able to maximize the value of their other assets for the benefit of the estates and their creditors.

**Relief Requested and Basis Therefor**

14. By this Motion, the Debtors respectfully request the entry of an Order, substantially in the form of the proposed Order annexed hereto as **Exhibit A**, authorizing the joint administration of their Chapter 11 cases.

15. Pursuant to Bankruptcy Rule 1015(b), this Court may order the joint administration of the estates of a debtor and its affiliates. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[I]f…two or more petitions are pending in the same court by…a debtor and an affiliate, the court may order a joint administration of the estates."

16. The Debtors are affiliates of each other as that term is defined in Bankruptcy Code § 101(2) and as that term is used in Bankruptcy Rule 1015(b).

17. Because of the multiple financial and operational interrelationships of the Debtors, joint administration of the Debtors' cases is appropriate. The Debtors intend to file with this Court numerous motions and applications in these Chapter 11 cases. As such, joint administration of these cases, including the combining of notices to creditors of the respective estates, as well as the notices and hearing of all matters at the same time (including motions and adversary proceedings), will promote the economical, efficient and convenient administration of the Debtors' estates.

18. The rights of each of the Debtors will not be adversely affected by joint administration of these cases. See, *In re I.R.C.C., Inc.*, 105 B.R. 237, 238 (Bankr. S.D.N.Y. 1989) (joint administration promotes administrative convenience without affecting substantive rights); *In re Stuery*, 94 B.R. 553, 554 (Bankr. N.D. Ind. 1988) (joint administration promotes "desire for administrative efficiency…without altering the substantive rights of the parties"). To the extent that

proofs of claim are required to be filed, each creditor shall be entitled to file a claim against the particular estate that owes it money. *Stuery*, 94 B.R. at 553-54 (estates of each debtor remain separate); *In re Parkway Calabasas Ltd.*, 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) (debtors' assets and liabilities are not merged and creditors look to separate debtor for payment). The rights of creditors will unquestionably be enhanced by the reduction of costs resulting from joint administration. Finally, supervision of the administrative aspects of the Chapter 11 cases by the Court and the United States Trustee will be simplified by the relief requested.

19. The Debtors do not seek substantive consolidation by this Motion.

## **Notice**

20. Notice of this Motion has been provided to the Office of the United States Trustee. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary or required under the circumstances.

## **No Previous Request**

21. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an Order granting joint administration of the Debtors' cases and granting the Debtors such other and further relief as is just and proper.

Dated: New York, New York
September 11, 2009

**TANA SEYBERT LLC, COUSINS PRINTING LLC, CREATIVE PRINT SERVICES LLC, & PRINTELLIGENCE, LLC.**
Debtors and Debtors-in-Possession

By: */s/ Eric Bernstein*
    Eric Bernstein
    President of Tana Seybert LLC,
      Cousins Printing LLC and
      Printelligence, LLC
    Vice President of Creative Print
      Services LLC

**HALPERIN BATTAGLIA RAICHT, LLP**
Proposed Counsel to the Debtors
 and Debtors-in-Possession

By: */s/ Robert D. Raicht*
    Alan D. Halperin, Esq.
    Robert D. Raicht, Esq.
    Julie D. Dyas, Esq.
    555 Madison Avenue, 9th Floor
    New York, New York 10022
    (212) 765-9100