UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:                                          Chapter 11
                                                Case No. 09-15478 (JMP)
**TANA SEYBERT LLC, et al.,**

                Debtors.          (Jointly Administered)

---------------------------------------------------------x

### ORDER AUTHORIZING SALE OF CERTAIN OF THE DEBTORS' ASSETS, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

This matter is before the Court upon the Motion For Orders (I) Scheduling Hearing to Consider Sale of Certain of the Debtors' Assets, Free and Clear of All Liens, Claims and Encumbrances, Subject to Higher and Better Offers; (II) Scheduling Hearing to Consider Approval of (A) Break-Up Fee and Expense Reimbursement and (B) Bidding Procedures for the Conduct of an Auction and Entering Order Thereon; and (III) Fixing Manner and Notice of Sale Hearing; (IV) Authorizing the Debtors to Sell Assets, Free and Clear of All Liens, Claims and Encumbrances, Subject to Higher and Better Offers, dated September 11, 2009 (the "Motion")[1] filed by Tana Seybert LLC ("Tana Seybert"), Cousins Printing LLC ("Cousins"), Creative Print Services LLC ("CPS"), and Printelligence, LLC ("Printelligence"), the debtors and debtors-in-possession herein (collectively, the "Debtors"). The Motion seeks this Court's authorization pursuant to §§ 105 and 363 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to sell certain of the Debtors' assets free and clear of all liens, claims, encumbrances, and other interests to Unimac Tana Seybert, LLC (the "Purchaser") pursuant to

---

[1] Unless otherwise expressly defined herein, any capitalized term shall have the meaning ascribed to such term in the Motion or the Sale Agreement, as defined below, as applicable.

that certain Asset Purchase And Sale Agreement, dated as of September 10, 2009, by and among certain of the Debtors and Purchaser, a copy of which is annexed to the Motion as **Exhibit A** (the "Original Sale Agreement"); and the Court having entered (a) an order on September 25, 2009 (the "Bidding Procedures Order"), pursuant to which the Court, *inter alia*, (i) established the date and time for the hearing to consider approval of the Original Sale Agreement (the "Sale Hearing"), (ii) approved the bidding procedures specified therein (the "Bidding Procedures"), (iii) approved the form and manner of notice for the sale of the assets subject to the Original Sale Agreement; and (iv) scheduled October 14, 2009, as the auction (the "Auction") for the sale of the assets subject to the Original Sale Agreement (the "Sale"); and it further appearing that following the Auction, the Original Sale Agreement was amended to reflect that certain of the assets covered by the Original Sale Agreement would be excluded from the Sale to the Purchaser as reflected in the First Amended and Restated Asset Purchase and Sale Agreement attached as **Exhibit A** to this Order (the "Sale Agreement"); and the Sale Hearing having been held before this Court on October 16, 2009, at which time all parties-in-interest were afforded an opportunity to be heard; and the Court having heard testimony and received evidence in support of the Motion; and upon all of the pleadings filed with the Court and the record of these cases and the Sale Hearing; and the objections to the relief requested in the Motion having been withdrawn, resolved, or overruled by the Court; and it appearing to the Court that the relief requested by the Motion is in the best interests of the Debtors and their estates; and after due deliberation and consideration and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND CONCLUDED, that:**

A. On September 11, 2009 (the "Petition Date"), the Debtors filed petitions for relief under Chapter 11 of the Bankruptcy Code commencing their cases (the "Chapter 11 Cases"). Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtors remain in

possession of their property and continue to operate and manage their businesses as debtors-in-possession. No trustee or examiner has been appointed in these cases.

B. This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Determination of the Motion is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (N), and (O). The statutory predicates for the relief requested herein are §§ 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

D. Proper, timely, adequate and sufficient notice of the Motion, the Bidding Procedures, the Sale Hearing, and the proposed Sale have been provided in accordance with the terms of the Scheduling Order and the Bidding Procedures Order and such notice constitutes due and proper notice for purposes of §§ 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9006, and no other or further notice of the Motion, the Sale Hearing, or of the entry of this Order is required.

E. The Scheduling Order and the Bidding Procedures afforded a full, fair, and reasonable opportunity for any entity to make a higher and better offer to purchase the assets subject to the Sale Agreement (the "Assets"). The Debtors have complied with the procedures set forth in the Scheduling Order and the Bidding Procedures Order concerning the evaluation of competing bids, the conduct of the Auction, and the communication with the proponents of competing bids to the extent required thereby. The Sale and Auction process conducted by the Debtors was non-collusive, fair and reasonable, and conducted in good faith.

F. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities, including: (a) all parties, if any, who are known to claim a property interest in or lien upon the Assets;

3

(b) all governmental taxing authorities who have, or as a result of the Sale of the Assets may have, Claims (as defined below), contingent or otherwise, against the Debtors; (c) all potential purchasers known by the Debtors, (d) all creditors and other parties who have filed a Notice of Appearance in these cases; and (e) the United States Trustee for the Southern District of New York.

G. The Debtors have full corporate power and authority to execute, deliver and perform the Sale Agreement and all other documents contemplated thereby and to consummate the transactions contemplated thereby; the execution, delivery and performance by the Debtors of the Sale Agreement and all other documents contemplated thereby and the consummation of the transactions contemplated thereby have been duly authorized by all necessary corporate action on the part of the Debtors; and no consents or approvals, other than those expressly provided for in the Sale Agreement, are required to consummate the Sale.

H. The Sale is in the best interests of the Debtors and their estates. The Debtors have demonstrated compelling and sufficient business justification to sell the Assets pursuant to the terms of the Sale Agreement outside of a plan of reorganization. Without an expeditious sale of the Assets, there will be substantial diminution in the value of the Assets to the detriment of the Debtors' estates and their creditors. Such business justification includes, but is not limited to, the following factors: (i) there is a significant risk of immediate and irreparable deterioration in the value of the Assets if the Sale is not consummated quickly; (ii) the Sale Agreement constitutes the highest and best bid for the Assets or any portion thereof; and (iii) the consummation of the Sale Agreement presents the best opportunity to realize maximum value for the Assets and avoid further decline and devaluation thereof. After consideration of the circumstances described in the Motion, the Court determined that the Bidding Procedures presented the best opportunity for the Debtors' estates to realize the highest value for the Assets.

I. As a condition to the Sale, the Purchaser requires that the Assets be sold to it free and clear of all liens, claims, encumbrances and other interests of any kind or nature, whether absolute, accrued, contingent or otherwise and whether due or to become due and whether or not asserted, known or unknown, currently existing or hereafter arising (including pre-petition and post-petition liabilities and obligations of the Debtors) and however arising (all such liens, claims, encumbrances and other interests are being referred to herein collectively as "<u>Claims</u>"). The Purchaser would not enter into the Sale Agreement or consummate the Sale, thus adversely affecting the Debtors' estates, if the Sale were not free and clear of all such Claims.

J. The Debtors may sell the Assets free and clear of all Claims of any kind or nature whatsoever because, in each case, one or more of the standards set forth in §363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Except as set forth herein, non-Debtor parties holding valid Claims in or with respect to the Assets, who did not object to the Sale Motion or those whose objections were withdrawn, are deemed to have consented to the sale of the Assets free and clear of their Claims in or with respect to the Assets pursuant to §363(f)(2) of the Bankruptcy Code.

K. Upon review of the evidence presented or proffered, the Court finds that the Purchaser is a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. The Purchaser will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Sale Agreement at any time after the entry of this Order, unless a stay pending appeal is in effect at the time of Closing.

L. Upon review of the evidence presented or proffered, the Court finds that the Sale Agreement was negotiated, proposed and entered into by the Debtors and the Purchaser

without collusion or fraud, in good faith, and from arm's-length bargaining positions. The terms of the Sale Agreement are fair and reasonable, and the Purchase Price constitutes fair and reasonable consideration and reasonably equivalent value for the Assets. Neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the Sale Agreement or any part of the transactions contemplated thereby to be avoided, or the imposition of costs and damages against the Purchaser under Section 363(n) of the Bankruptcy Code.

M. The transfer of the Assets as contemplated by the Sale Agreement (a) is or will be legal, valid, and effective transfer of the Assets to the Purchaser, and (b) vests or will vest in the Purchaser all right, title, and interest of the Debtors in and to all the Assets free and clear of all Claims under §§ 363(f) and 105 of the Bankruptcy Code.

N. As demonstrated by (i) the testimony and/or other evidence proffered at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, the Debtors have conducted the sale process fairly and openly in a manner reasonably calculated to produce the highest and best offer for the Assets under the circumstances and in compliance with the Bidding Procedures Order. The Auction was held and the highest and best offer received by the Debtors for the Assets at or before the Auction was the offer by the Purchaser, as such offer is reflected in the Sale Agreement.

O. The Purchaser shall not be deemed, as a result of any action taken in connection with the Sale of the Assets, to: (1) be a successor (or other similarly situated party) to any Debtor or Debtor affiliate; (2) have, *de facto* or otherwise, merged with or into any Debtor or Debtor affiliate; or (3) be a continuation or substantial continuation of any of the Debtors.

P. Neither the Purchaser nor any of its affiliates, successors and assigns is assuming any of the Debtors' obligations or liabilities or any Claims against the Debtors or the Assets. The Sale will not subject the Purchaser to any liability whatsoever with respect to the

operation of the Debtors' business and/or the ownership of the Assets on or prior to the Closing Date, including, without limitation, any liability arising from any of the following: (i) any employment or labor agreements, consulting agreements, severance arrangements, change in control agreements or other similar agreements to which any Debtor is or was a party; (ii) any pension, welfare, compensation or other employee benefit plans, agreements, practices, and programs, including without limitation, any pension plan of any Debtor; (iii) the cessation of any of the Debtors' operations, dismissal of employees, or termination of employment or labor agreements or pension, welfare, compensation or other employee benefit plans, agreements, practices and programs and any obligations with respect thereto that arise from the Employee Retirement Income Security Act of 1974, the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination and Employment Act of 1967, the Federal Rehabilitation Act of 1973, the National Labor Relations Act, the Consolidated Omnibus Budget Reconciliation Act of 1985 or the Worker Adjustment and Retraining Notification Act (or comparable state law); (iv) workmen's compensation, occupational disease or unemployment or temporary disability insurance claims; (v) environmental liabilities, debts, claims or obligations which may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation and Liability Act or any other Environmental, Health and Safety Requirements; (vi) any bulk sales or similar law; (vii) any litigation by or against any Debtor, or (viii) the laws of the United States, any state, territory or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or equity, including without limitation, any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability. For the avoidance of doubt, the liabilities set forth in this paragraph are included in the defined term "<u>Claims</u>" for all purposes herein. Additionally, to the extent the transfer of the Assets to the Purchaser may trigger any

7

46910/0001-6004185v4

withdrawal or other liability under any multiemployer plans and/or any other liabilities associated with any benefit plans of the Debtors, such liability shall not be assessed against the Purchaser.

Q. The Sale does not constitute a *de facto* or *sub rosa* plan of reorganization or liquidation or an element of such a plan for the Debtors, as it does not and does not propose to: (i) impair or restructure existing debt of, or equity interests in, any Debtor; (ii) impair or circumvent voting rights with respect to any future plan proposed by the Debtors; (iii) circumvent chapter 11 plan safeguards, such as those set forth in §§ 1125 and 1129 of the Bankruptcy Code; or (iv) classify claims or equity interests, compromise controversies, or extend debt maturities.

R. Following the Closing, the Purchaser shall be granted reasonable access to the Debtors' leasehold space at 525 West 52nd Street, New York, New York 10019 to remove certain Assets in accordance with that certain Facility Access Agreement, which is an exhibit to the Sale Agreement and which will be executed at the Closing. The Purchaser also shall be granted reasonable access to the Debtors' leasehold space in Mountainside, New Jersey after the Closing to remove certain Assets from such premises.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as set forth herein and all objections thereto that have not been waived, withdrawn or settled hereby are overruled.

2. The Sale Agreement and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved in all respects; <u>provided</u>, <u>however</u>, that the Sale Agreement and any related agreements, documents, or other instruments may be waived, modified, amended, or supplemented by the parties thereto, in a writing to be signed by all

8

46910/0001-6004185v4

parties, without further notice, hearing, or order of the Court, provided that any such modification, amendment, or supplement does not have an adverse effect on the Debtors or their estates. Any other agreements, to the extent provided for in or by the Sale Agreement, are hereby approved in all respects. The omission in this Order of specific reference to any provision of the Sale Agreement shall not impair or diminish the efficacy, propriety, or approval of such provision. Likewise, all of the provisions of this Order are non-severable and mutually dependent. To the extent there is any conflict between this Order and the Sale Agreement, the terms of this Order shall prevail.

3. The Debtors are empowered to execute, perform under, consummate and implement the Sale Agreement, are authorized and directed to take all other actions as are necessary or appropriate to effectuate the Sale, including, without limitation, executing and delivering all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale Agreement, and shall take all further actions as may be requested by the Purchaser for the purpose of transferring, assigning, conveying and delivering to the Purchaser or reducing to possession the Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Sale Agreement. The Purchaser shall not be required to seek or obtain relief from the automatic stay under § 362 of the Bankruptcy Code to enforce any of its remedies under the Sale Agreement. The automatic stay imposed by § 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence.

4. The Sale constitutes a legal, valid, and effective transfer of the Assets, and shall vest the Purchaser with the same right, title and interest of the Debtors in and to the Assets. Pursuant to §§ 363(f) and 105(a) of the Bankruptcy Code, title to all the Assets shall be transferred to the Purchaser at the Closing in accordance with the terms and conditions of the

Sale Agreement (or thereafter as provided therein), free and clear of all Claims, with all such Claims released, terminated and discharged as to the Purchaser (and its, affiliates, successors and assigns) and the Assets. The Purchaser shall not have any obligation or responsibility for any Claims or other liability of any Debtor of any kind arising under or related to the Assets. Without limiting the generality of the foregoing, the Purchaser shall not be liable for any liabilities against the Assets, the Debtors or any of their predecessors or affiliates including, without limitation, liabilities known or unknown, whether now existing or hereafter arising, fixed or contingent, relating to or arising out of the Debtors' business, the Assets, or otherwise.

5. If any person or entity that has filed any mortgages, deeds of trust, financing statements, or other documents or agreements creating or establishing liens on any Assets has not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all liens which the person or entity has with respect to any Assets, then the Purchaser hereby is authorized to execute and file statements, instruments, releases, and other documents on behalf of the person or entity with respect to such Assets. The foregoing notwithstanding, the provisions of this Order authoring the Sale and transfer to the Purchaser of the Assets free and clear of Claims shall be self-executing, and notwithstanding the failure of the Debtors, the Purchaser, or any other party to execute, file or obtain releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and/or implement the provisions hereof or the Sale Agreement with respect to the sale and assignment of the Assets, all liens on the Assets shall be deemed divested, void and unenforceable. All persons or entities that are presently, or at any time hereafter prior to the transfer to the Purchaser, in possession of any of the Assets are hereby directed to surrender possession of any of the Assets to the Purchaser at the Closing.

46910/0001-6004185v4

6. Upon the Closing, the Debtors shall be authorized to remit the Sale proceeds to HSBC in reduction of (a) accrued interest, principal and costs under the Debtors' pre-petition loan agreement with HSBC and/or (b) accrued interest, principal and costs under the Order approving the debtor-in-possession financing facility approved by this Court pursuant to a final order entered on October 7, 2009, until such amounts are satisfied in full, unless otherwise agreed in writing by HSBC.

7. This Order shall be binding upon the Debtors, their successors and assigns and any trustee that may be appointed in these Chapter 11 Cases or in any subsequent cases under chapter 7 of the Bankruptcy Code to which such Chapter 11 Cases may be converted, and any affected third parties, all persons and entities asserting any Claims against or interests in the Debtors' estates or any of the Assets and all other persons and entities, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons or entities who may be required by operation of law or by the duties of their office or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Assets. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale Agreement, including without limitation, documents and instruments for recording in any governmental agency or department required to transfer the Assets to the Purchaser and all licenses under the Debtors' ownership necessary for the operation of any Assets, and the county and state offices wherein termination statements under the Uniform Commercial Code are authorized to be filed.

8. The evidence presented or proffered has demonstrated that the Purchaser is a purchaser in good faith of the Assets and is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code. The transactions contemplated by the Sale Agreement are undertaken by the Purchaser without collusion and in good faith, as that term is used in Section 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate those transactions shall not affect the validity of the Sale as to the Purchaser except to the extent such authorization is duly stayed pending such appeal prior to such consummation.

9. Any stay, modification, reversal, or vacation of this Order will not affect the validity of any obligation of the Debtors to the Purchaser incurred under this Order or the Sale Agreement. Notwithstanding any such stay, modification, reversal, or vacation, all obligations incurred by the Debtors or the Purchaser under this Order or the Sale Agreement prior to the effective date of such stay, modification, reversal, or vacation will be governed in all respects by the provisions of this Order, and the Debtors and the Purchaser are entitled to the rights, privileges, and benefits granted in this Order with respect to all such obligations.

10. The Purchase Price represents reasonably equivalent value and fair consideration for the Assets under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia, and the Sale shall not be avoided under § 363(n) of the Bankruptcy Code.

11. The landlord of the Debtors' leasehold space at 525 West 52nd Street, New York, New York 10019 shall not interfere with the performance by the Debtors and the Purchaser of the Facility Access Agreement, and such landlord shall not interfere with Purchaser's removal of the Assets from such location. The landlord of the Debtors' leasehold

space in Mountainside, New Jersey likewise shall not interfere with Purchaser's removal of the Assets from such location.

12. Nothing contained in any chapter 11 plan confirmed in these Chapter 11 Cases (the "Plan") or the confirmation order confirming any such chapter 11 plan (the "Confirmation Order") shall rescind or modify the transactions contemplated in the Sale Agreement or approved by this Order, and the Sale Agreement and this Order shall control to the extent of any conflict between same and the Plan or Confirmation Order.

13. Except as expressly permitted or otherwise specifically provided by the Sale Agreement or this Order, all persons or entities holding Claims of any kind or nature whatsoever against the Debtors or the Assets (whether legal or equitable, secured or unsecured, prepetition or postpetition, matured or unmatured, fixed or contingent, liquidated or unliquidated, known or unknown, senior or subordinated), arising under or out of, in connection with, or in any way relating to, any Debtor, the Assets, the operation of the Debtors' business prior to the Closing Date, hereby are forever barred, estopped, and permanently enjoined from asserting such party's Claims against the Purchaser, its affiliates, successors or assigns, its property or assets (including the Assets), whether or not a party asserting any such Claims has delivered to the Purchaser a release. Neither the Purchaser, nor any of its affiliates, nor any of its and their respective successors or assigns shall be liable for any Claims, demands or causes of action of any kind or nature, whether legal or equitable, secured or unsecured, prepetition or postpetition, matured or unmatured, fixed or contingent, liquidated or unliquidated, known or unknown, senior or subordinated, against any Debtor or any of their predecessors or affiliates, and the Purchaser, its affiliates, its and their respective successors or assigns shall have no successor liability therefor.

14. Neither the Purchaser nor any of its affiliates, successors or assigns shall be deemed, as a result of any action taken in connection with the purchase of the Assets, to: (a) be a successor (or other such similarly situated party) to any Debtor or their affiliates; (b) have, *de facto* or otherwise, merged with or into any Debtor or their affiliates; or (c) be a continuation or substantial continuation of any Debtor or their affiliates or any enterprise of the Debtors or their affiliates.

15. If any person or entity that has filed one or more financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing Claims in the Debtors or the Assets shall not have delivered to the Debtors prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or any other forms of release of all Claims which the person or entity has with respect to the Debtors or the Assets or otherwise, then (a) the Purchaser is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Assets and (b) the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Claims in the Assets of any kind or nature whatsoever. This Order is and shall be effective as a determination that all Claims shall be, and are, without further action, released with respect to the Assets as of the Closing.

16. The Sale constitutes a legal, valid, and effective transfer of the Assets, and shall vest the Purchaser with the same right, title and interest of the Debtors in and to the Assets free and clear of all Claims of any kind or nature whatsoever notwithstanding any requirement for approval or consent by any entity (as defined in § 101(15) of the Bankruptcy Code).

17. The Sale is an exchange for consideration by the Purchaser that constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

18. On the Closing of the Sale, each of the Debtors' creditors, secured or otherwise, is authorized and directed to execute such documents and take all other actions as may be necessary to release their Claims or interests in or against the Assets, if any.

19. All entities that are presently, or on the Closing Date may be, in possession of some or all of the Assets are hereby directed to provide access to, and surrender possession of the Assets to the Purchaser on and after the Closing Date.

20. This Court shall retain exclusive jurisdiction to implement and effectuate the provisions of this Order with respect to the Assets and the Sale Agreement and to resolve any issue or dispute concerning the interpretation, implementation or enforcement of this Order as well as the Sale Agreement and any subsequent agreement as required to be entered into between the Debtors and the Purchaser pursuant to this Order or the Sale Agreement, or the rights and duties of the parties hereunder or thereunder, including, without limitation, any issue or dispute concerning the transfer of the Assets of the Debtors free and clear of all Claims.

21. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale, whether under the Sale Agreement or ancillary documents.

22. The Sale shall be of full force and effect regardless of any Debtor's lack of good standing in any jurisdiction in which such Debtor is formed or authorized to transact business.

23. Any covenants, obligations or agreements to be performed after Closing, pursuant to this Order or the Sale Agreement, shall survive Closing to the extent provided in the Sale Agreement.

24. The Break-Up Fee and Expense Reimbursement (as defined in the Bidding Procedures Order) payable to the Purchaser at Closing pursuant to the Bidding Procedures Order and the Sale Agreement may be deducted from the Purchaser Price at Closing.

25. The findings of fact set forth above and conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to these proceedings pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

26. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry despite the potential applicability of, among other things, Bankruptcy Rules 6004, 7062 and 9014.

Dated: New York, New York
October __, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

16
46910/0001-6004185v4

24. The Break-Up Fee and Expense Reimbursement (as defined in the Bidding Procedures Order) payable to the Purchaser at Closing pursuant to the Bidding Procedures Order and the Sale Agreement may be deducted from the Purchaser Price at Closing.

25. The findings of fact set forth above and conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to these proceedings pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

26. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry despite the potential applicability of, among other things, Bankruptcy Rules 6004, 7062 and 9014.

Dated: New York, New York
      October __, 2009

_____
UNITED STATES BANKRUPTCY JUDGE